The court finds that the order of this court in cause No. 15806 [98 Ohio St., 218], upon which *440 the present proceeding is predicated, after requiring the furnishing of the service described therein, contained the following:
“This order to be effective over the portion of the line of railroad claimed by The Morgan Run Coal & Mining Company during such period as said Railway Company operates or permits to be operated its line of railroad in connection with the portion of said line claimed by said Coal & Mining Company.” [Journal 28, page 59.]
The court further finds that The Morgan Run Railway Company is a railroad company duly created and organized under the laws of Ohio; that as such it has constructed and owns a line of railway which extends south from its connection with the tracks of the Wheeling and Lake Erie Railway Company in Coshocton county, Ohio, for a distance of about one mile; that said railway company is a common carrier, under obligations to servé the public without discrimination and amenable to the supervision of the Public Utilities Commission; that said line of railroad is impressed with a public interest.
The question of the title of the portion of the line of road claimed by The Morgan Run Coal & Mining Company, defendant in said cause No. 15806, was not presented and decided in that case.
The court finds that said Railway Company has not furnished any service to the complainants in the original cause since the order of this court, April 9 [2], 1918; and from the statements in the answer of defendants in this proceeding, it is shown that since that date said Railway Company has per *441 mitted said Coal & Mining Company to move its empty and loaded cars over and along its said line of railway to the connection with the tracks of the Wheeling & Lake Erie Railway Company; that as to so much of the line of railroad as is hereinbefore found and conceded to be owned by the Railway Company, said Coal & Mining Company is using for its own private purposes a line of railroad which has become clothed and impressed with a public use in violation of law. It cannot accomplish by indirection that which it is not permitted to do directly.
It is further ordered that the writ of mandamus issue from this court commanding said defendants, and officers thereof, to comply with the former order of the Public Utilities Commission of Ohio, as modified by this court, in the language above quoted.
On March 11, 1919, the court made the following entry on its journal. — Reporter.
It is ordered and adjudged by the court sua sponte in the above case that the order and judgment of this court made in said cause, December 10, 1918, be and the same is hereby amended by the addition of the following thereto, viz:
Said Morgan Run Coal & Mining Company is ordered from and after this date to wholly cease to move its locomotives, cars and equipment, or any part thereof, over the track and line of railway owned and constructed by The Morgan Run Railway Company from its connection with the tracks *442 of The Wheeling & Lake Erie Railway Company, as hereinabove described, which the court has found to be clothed and impressed with a public use, and which the said Coal & Mining Company has no authority in law to operate in any way. Said Morgan Run Railway Company is ordered and directed from and after this date to cease to permit, directly or indirectly, the said Morgan Run Coal & Mining Company, or any other person or corporation, to operate its said line of railway in any manner, or to move locomotives, cars or equipment thereon, unless such other company shall have been duly created and organized under the laws of Ohio as a common carrier railroad company, and said defendant companies are ordered to in all other respects obey the former order of this court in this cause and in cause No. 15806 heretofore decided by this court.

Writ to issue.

Nichols, C. J., Wanamaker, Newman, Matthias and Johnson, JJ., concur.